## SINGER & BENEDICT v. SHELDON.

1. **Sale:** EFFECT OF BILL OF SALE: FRAUD. The fact that a sale of goods is evidenced by a bill of sale duly executed and recorded will not preclude an officer seizing the goods, under process issued in actions by creditors of the vendor, from attacking the sale as fraudulent.

### Appeal from Howard District Court.

### WEDNESDAY, JUNE 15.

ACTION OF REPLEVIN. There was a verdict and judgment for defendant for a small part of the property. The defendant appeals. The facts of the case appear in the opinion.

*Powers & Kenyon*, *Gurney & Boylan*, and *H. Shaver*, for appellant.

*Brown & Wellington*, for appellees.

BECK, J.—The plaintiffs seek to recover certain clothing and other goods constituting a stock of merchandise which defendant, as sheriff, had seized upon certain attachments and executions against Chapman & Sage. The answer admits the possession and seizure of the goods under the process of the court, but alleges that the property is subject thereto, having been fraudulently transferred by Chapman & Sage to plaintiffs, under a secret trust for Chapman & Sage.

II. The issues in the case involve the sufficiency and good faith of the transfer of the goods by Chapman & Sage to plaintiffs. This transfer was made by a bill of sale duly acknowledged and recorded. The court

1. SALE: effect of bill of sale: fraud.

instructed the jury that if they found the bill of sale was made and recorded, and that "Chapman informed the sheriff, when he came to levy the writs, that the goods belonged to Singer & Benedict, your verdict will be for plaintiffs for all the property, except the twelve cords of wood and three hundred posts." No question arises about the wood and posts. The fact that the transfer was made by a written bill of sale, acknowledged and recorded, as provided by Code, § 1923, the possession of the property remaining in the vendor, does not preclude the defendant assailing the transaction on the ground that it was fraudulent, and created a secret trust for the benefit of the vendor. There may be actual fraud in a sale of goods witnessed by a written instrument, contemplated by the statute just cited, which is intended to render valid *bona fide* sales where the vendor retains the possession of the property, in the absence of actual notice to creditors or purchasers. The instruction ignores the issue of fraud, raised by the answer of defendant, and, under it, the jury were required to find for plaintiffs, even though there was evidence tending to show that the transaction was fraudulent. There was evidence tending to show that the vendors were unable to pay their debts, if not insolvent, and that the goods exceeded in value the claim which the vendees held against the vendors, which constituted the consideration for the goods. There were other circumstances tending to establish fraud. This evidence should have been submitted to the jury, with proper instructions on the issue of fraud.

III. Counsel for plaintiffs insist that there is no evidence tending to show that the vendors were insolvent, or to authorize an inference that they had not ample means to pay their debts. We think differently. The evidence shows that they were largely indebted; that many attachments and executions were issued against them, and that one of the vendees testifies that he regarded the claim he held against them as doubtful, or, to use his own language, "a very poor one." This evidence tends to show the insolvency of the vendors, and will not per-

mit a presumption that they had sufficient property to pay their debts.

IV.   Counsel for defendant insist that the bill of sale is void for uncertainty in the description of the property, and therefore did not operate to impart notice to defendants; he, therefore, claims that the court erred in admitting it in evidence.    The instrument was surely competent evidence of the fact of its execution.    The court did not err in admitting it in evidence for whatever it was worth.    If it be conceded that it did not operate to impart notice on account of the defective description, the proof shows that defendant had notice of the sale.    No prejudice resulted to defendant from the admission of the instrument in evidence.

V.   A witness who is an attorney was asked certain questions which were intended to elicit conversations had by him with the parties at and before the sale of the goods.    The evidence was rejected on the ground that it was intended to establish communications between the attorney and his client. We think the ruling is correct.    The testimony shows that the witness was the attorney of the parties employed in the business pertaining to the sale, and was consulted as such.

Other questions discussed by counsel need not be considered.    For the error committed by the court in the ruling upon instructions, the judgment is

REVERSED.